# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

No. 9:10-cr-7

United States of America

v.

Billy Stewart

                                        Defendant

## Report and Recommendation Re: Petition for Warrant
## or Summons for Offender Under Supervision

Pending is a "Amended Petition for Warrant or Summons for Offender Under Supervision," filed July 28, 2010, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

# I. The Original Conviction and Sentence

Defendant was sentenced on September 17, 2007, before The Honorable Samuel H. Mays, Jr., U.S. District Judge of the Western District of Tennessee, after pleading guilty to the offense of possession of stolen mail and aiding and abetting, a Class D felony. This offense carried a statutory maximum imprisonment term of 5 years. In addition, defendant also pled guilty to the offense of fraud in connection with identification documents, a Class C felony. This offense carried a statutory maximum imprisonment term of not more than 15 years. The guideline imprisonment range, based on a total offense level of 15 and a criminal history category of V, was 37 to 46 months. Defendant was subsequently sentenced to 41 months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions to include participation in a program (outpatient and/or inpatient) approved by the Probation Officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing for the detection of substance use or abuse. Further, defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer; obtain a General Educational Development (G.E.D.) Diploma; and a $200 special assessment.

# II. The Period of Supervision

On December 22, 2009, defendant completed his period of imprisonment and began service of the supervision term. Defendant's case was later reassigned to The Honorable Marcia A. Crone, U.S. District Judge for the Eastern District of Texas, on March 15, 2010.

# III.  The Petition

United States Probation filed the pending First Amended Petition for Warrant or Summons for Offender Under Supervision on July 28, 2010.  The petition alleges that defendant violated the following conditions of release:

1. Mandatory Condition:     Defendant shall not commit another federal, state, or local crime.

2. Mandatory Condition:     Defendant shall not illegally possess a controlled substance.

3. Mandatory Condition:     Defendant shall refrain from any unlawful use of a controlled substance.  Defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

4. Standard Condition:     Defendant shall not leave the judicial district without permission of the Court of probation officer.

5. Standard Condition:     Defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.

6. Standard Condition:     Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.

7. Standard Condition:     Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

| 8. Standard Condition: | Defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. |
|---|---|
| 9. Special Condition: | Defendant shall serve one hundred and twenty (120) days of halfway house confinement. |

As grounds, the petition alleges that: 1. On April 9, 2010, defendant was arrested by the Wichita, Kansas Police Department and charged with the following offenses: forgery; possession of methamphetamine; possession of drug paraphernalia; and manufacturing methamphetamine. In addition, defendant was also arrested in Longview, Texas on April 20, 2010 for five separate counts of forgery; 2. It is alleged that defendant possessed methamphetamine through said use, on or about January 4, 2010, January 18, 2010, and January 28, 2010; 3. Defendant submitted urine specimens which tested positive for methamphetamine on January 4, 2010, January 18, 2010, and January 28, 2010; 4. On April 9, 2010, defendant was arrested in Wichita, Kansas and did not have permission to be outside of the judicial district at that time; 5. Defendant failed to submit a written monthly supervision report within the first five days of March 2010; 6. Defendant submitted urine specimens which tested positive for methamphetamine on January 4, 2010, January 18, 2010, and January 28, 2010; 7. On or about April 13, 2010, defendant was released from jail in Wichita, Kansas and did not contact the U.S. Probation Office within 72 hours of his release; 8. Defendant has failed to pay the $200 special assessment; and 9. Defendant failed to report for admission and intake at the County Rehabilitation Center in Tyler, Texas on March 15, 2010.

## IV. Proceedings

On November 19, 2010, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition. Defendant agreed to plead "true" to the allegation that he violated a standard condition of supervised release by failing to refrain from excessive use of alcohol and not purchasing, possessing, using, distributing, or administering any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. In exchange for defendant's plea of "true," the government agreed to decline to proceed with the remaining alleged violations of supervised release conditions. Further, the parties agreed the court should revoke defendant's supervised release and impose 13 months of imprisonment, with no term of supervised release thereafter.

At the revocation hearing, defendant pled "true" to the allegation that he violated a standard condition of supervised release by failing to refrain from excessive use of alcohol and not purchasing, possessing, using, distributing, or administering any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in

such term of supervised release without credit for time previously served on post-release supervision, if the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release. The original offenses of conviction were a Class C and Class D felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is 2 years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a standard condition of supervised release by failing to refrain from excessive use of alcohol and not purchasing, possessing, using, distributing, or administering any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of V, the guideline imprisonment range is 7 to 13 months.

According to U.S.S.G § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4, and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of

imprisonment. Defendant was ordered to serve a term of 120 days in a halfway house confinement, and has not served any of this time. In addition, a special assessment balance of $200 is owed.

According to U.S.S.G § 7B1.3(f), any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; <u>see</u> 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; <u>see</u> 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. 3553(a)(4); <u>see also</u> 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; <u>see</u> 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**Findings:**

Defendant pled "true" to the allegation that he violated a standard condition of supervised release by failing to refrain from excessive use of alcohol and not purchasing, possessing, using, distributing, or administering any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), the undersigned finds that defendant violated conditions of supervised release by submitting urine specimens which tested positive for methamphetamine on January 4, 2010, January 18, 2010, and January 28, 2010.

**Conclusions and Justification:**

Defendant's violations are Grade C violations, and defendant's criminal history category is V. Policy guidelines suggest 7 to 13 months imprisonment upon revocation. Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by failing to refrain from excessive use of alcohol and not purchasing, possessing, using, distributing, or administering any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. As such, incarceration appropriately addresses defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a term of incarceration.

## RECOMMENDATIONS

1.  The court should find that defendant violated a standard condition of supervised release, by failing to refrain from excessive use of alcohol and not purchasing, possessing, using, distributing, or administering any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician in the manner alleged in the petition.

2.  The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3.  Defendant should be sentenced to a term of imprisonment of 13 months, including 120 days of unserved halfway house confinement, to be served consecutively to any sentence of imprisonment that the defendant is serving.

4.  Upon release of imprisonment, defendant should not be placed on supervised release.

5.  The court should recommend that Defendant be incarcerated in the Seagoville Federal Correctional Institution of the Federal Bureau of Prisons if deemed appropriate by the Bureau of Prisons.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this __23__ day of November, 2010.

_____
Earl S. Hines
United States Magistrate Judge